IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT LEE PLUMLEE II,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**ILLINOIS DEPARTMENT OF CORRECTIONS,**<br><br>　　　　　**Defendant.** | Case No. 22-cv-01652-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　Plaintiff Robert Plumlee, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was housed at Menard Correctional Center ("Menard"). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

　　Plumlee alleges the following:[1] Beginning on February 17, 2022, Plumlee was housed in crisis prevention. (Doc. 1, p. 11). He is seriously mentally ill and has been antagonized by employees at Menard to harm himself and other staff members. On March 19, 2022, Plumlee returned to his cell from a "routine mental health crisis observation visit." When the officer

---

[1] After filing the Complaint, Plumlee filed a supplement. (Doc. 10). Generally, the Court does not allow piecemeal amendments, supplements, or exhibits to a complaint. An amended complaint supersedes and replaces the original complaint and renders the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). However, as a one-time courtesy, the Court will treat the supplement as a part of the Complaint. Going forward, Plumlee is advised that an amended complaint must stand on its own and include all allegations against all defendants and all exhibits.

uncuffed Plumlee, the officer told him to "kill [himself]." Inside his cell was a "metal cylinder with an approx[imate] 2 in screw on the end." Plumlee used the object to harm himself and inserted the object into his rectum. (*Id.* at p. 19). The object was "lost in his intestinal track," and Plumlee was taken to see a nurse, who provided minimal care. Plumlee was then placed back in his cell. (*Id.*).

Three days later, on March 21, 2022, Plumlee was finally seen by a doctor and taken to the emergency room at Carbondale Hospital. (Doc. 1, p. 11-12). He underwent surgery and was then returned to Menard, where he was placed back in crisis prevention. (*Id.* at p. 12). Plumlee did not receive follow-up medical treatment. (*Id.* at p. 19). He continued to suffer pain, constipation, and slight rectal bleeding. (*Id.*).

On April 4, 2022, Plumlee was subjected to a shake down and told again by staff that he should kill himself. (Doc. 1, p. 16). Staff also made other demeaning comments such as, "your worthless," and "you're a disgrace." After the shakedown, he again found a metal object intentionally left in his cell by officers that could be used to harm himself or others. Plumlee again used the object to harm himself, and the object was "lost to the intestinal track." (*Id.* at p. 17). He was taken from his cell and examined by medical. Plumlee underwent another operation, and then was returned to Menard's crisis watch. Plumlee did not receive any medical "check-ups" following the incident. (*Id.*).

## DISCUSSION

Plumlee has failed to state a constitutional claim and the Complaint will be dismissed without prejudice. *See* FED. R. CIV. P. 8(a). The only named defendant is the Illinois Department of Corrections, which is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*,

468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Because he does not name a suable entity as a defendant, the Complaint does not survive preliminary review. However, Plumlee will be given an opportunity to replead his claims in an amended complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Plumlee has filed a motion asking the Court to appoint him an attorney to represent him in this case. (Doc. 2). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."[2] When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

As to the first question, Plumlee has not described any efforts he has made to obtain counsel on his own prior to seeking the assistance of the Court. Thus, his motion is **DENIED.** Should Plumlee choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three more attorneys who practice in the area of civil litigation regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motion for Recruitment of Counsel is

---

[2] Although Plumlee is not proceeding *in forma pauperis* and has paid the full filing fee, the Court still finds him indigent and unable to afford counsel for the purposes of Section 1915(e)(1). His prison financial statement indicates that as of July 13, 2022, he had $446.50 in his trust fund account. (Doc. 8). This sum is simply not sufficient to pay an attorney's hourly rate to litigate a case from start to finish.

**DENIED.** (Doc. 2).

Plumlee is **GRANTED** leave to file a "First Amended Complaint" on or before **December 21, 2022.** It is strongly recommended that Plumlee use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01652-SPM). Further, Plumlee should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."). As much as possible, he should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Plumlee a blank civil rights complaint form.

Plumlee is **ADVISED** that an amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery,* 354 F.3d at 638 n. 1. The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If Plumlee fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Finally, Plumlee is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   November 23, 2022

                                                                *s/Stephen P. McGlynn*
                                                              **STEPHEN P. MCGLYNN**
                                                              **United States District Judge**